UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LADESHIA L. FERGUSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-01274-SEP |
| | ) |
| DEBORAH E. GIFFIN, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM AND ORDER</u>**

Before the Court is Defendant Deborah Giffin's Motion to Enforce Settlement, Doc. 41, and Plaintiff LaDeshia Ferguson's Dismissal with Prejudice, Doc. 40. The Motions are fully briefed and ready for disposition. For the reasons set forth below, Defendant's Motion to Enforce Settlement is granted; Plaintiff's Dismissal with Prejudice, construed as a motion to voluntarily dismiss, is denied.

### FACTS AND BACKGROUND

On September 29, 2021, Plaintiff filed a motion representing that the parties had agreed to settle this case. Doc. 35. The same day, the Court issued an Order dismissing all motions without prejudice and granting the parties 60 days to file a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment. Doc. 36. The Court has still not entered any order dismissing this action. On October 21st, via co-Plaintiff's counsel Mr. Hughes, Defendant's counsel Mr. Turley sent an email to Plaintiff's counsel Mr. Moten, outlining terms of the parties' settlement. Doc. 41-1 (Def. Ex. A). On October 25th, having received no response, Turley followed up with Hughes, and that same day, Hughes responded that Moten had agreed to the terms. Doc. 41-2 (Def. Ex. B). One of the terms of the agreement was for Moten to send a copy of all letters and payments sent to all lienholders to Turley. *Id.* Turley followed up with Moten on the status of those letters and payments on December 20, 2021, January 6, 2022, and again on January 27, 2022. Doc. 41 ¶ 3; Doc. 41-3 (Def. Ex. C). Turley represents that he never received a response from Moten. Doc. 41 ¶ 3.

1

On March 15, 2022, Plaintiff filed a document with the Court that purports to dismiss this case with prejudice. Doc. 40. The same day, Defendant filed this Motion and an opposition to Plaintiff's Motion. Docs. 41, 43.

## Legal Standard

District courts possess the inherent power to enforce a settlement agreement where the terms are unambiguous. *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999). Settlement agreements are governed by principles of contract law. *MLF Realty L.P. v. Rochester Ass'n*, 92 F.3d 752, 756 (8th Cir. 1996). In a diversity case, the settlement is controlled by state law. *Barry*, 172 F.3d at 1013. Under Missouri law, a settlement agreement may be enforced by a motion. *Smart Cemetery v. Bell Holdings, L.L.C.*, 186 S.W.3d 423, 427 (Mo. Ct. App. 2006). "A motion to enforce a settlement adds to the underlying case a collateral action seeking specific performance of the agreement." *Eaton v. Mallinckrodt, Inc.*, 224 S.W.3d 596, 599 (Mo. banc 2007). The party seeking to enforce the agreement "must prove the existence of the agreement by clear, convincing and satisfactory evidence." *Id.* (quotation marks and citation omitted).

## Discussion

### I. Doc. 41: Motion to Enforce Settlement

Defendant requests that the Court order Plaintiff to comply with the terms agreed to by the parties during their settlement discussions. Doc. 41 at 3. Plaintiff argues that "Defendant has not filed anything showing any communication, or agreement with Plaintiff's Counsel beyond the 'traditional' release signed by Plaintiff." Doc. 43 ¶ 5. For the reasons set forth below, the Court finds that Defendant has proved the existence of additional terms to the settlement agreement by clear, convincing, and satisfactory evidence.

The October 21st email from Turley stated that it was to memorialize the conversation between Turley and Hughes, who had called Turley "at the request of Mr. Moten to discuss the payment of Ms. Ferguson's settlement." Doc. 41-1. The email continued: "You [i.e., Hughes] advised that Mr. Moten would agree to" three specific terms. *Id.* Those terms were enumerated as paragraphs one, two, and three. *Id.* The email further stated that Turley was "fine with those three items but if and only if:

    4. Mr. Moten agrees to pay all liens from the settlement proceeds[; and]

2

> 5. Mr. Moten sends me [Turley] a copy of his letter and check sent to (a) all lienholders of which he makes me aware as referenced in Paragraph 1, above, and (b) all five liens referenced in my October 4, 2021 letter."

*Id.*

On October 25th, Turley followed up with Hugues and asked, "Does Mr. Moten agree to [paragraphs four and five] from my October 21 email?" Hughes responded that "He [Moten] states to me that he will adhere to your requests one through five." Doc. 41-2. In Plaintiff's opposition, Moten confirms that Hughes began acting as an intermediary between the parties, Doc. 43 ¶ 3, and Moten does not dispute that Hughes spoke on his behalf in replying to the October 21st email. *See generally* Doc. 43. Therefore, under ordinary principles of contract law, there was an offer from Defendant, through Turley, to pay Plaintiff a certain sum in exchange for Plaintiff's agreement to settle her case on certain terms, and an acceptance by Plaintiff, through Moten, of that sum and those terms. As consideration, Defendant offered money and Plaintiff offered to dismiss her case. *See Trunnel v. Missouri Higher Ed. Loan Auth.*, 635 S.W.3d 193, 198 (Mo. Ct. App. 2021) ("The essential elements of any contract . . . are offer, acceptance, and bargained for consideration."). Because the essential elements of a contract were satisfied, the parties entered into a valid and enforceable settlement agreement.

Thus, to the extent that Plaintiff has not complied with the terms set forth in the October 21st email, the Court will exercise its inherent authority to enforce the settlement agreement and order Plaintiff to comply.

### II.     Doc. 40:  Dismissal With Prejudice

On March 15, 2022, Plaintiff filed a document that purports to dismiss this action with prejudice. Doc. 40. Plaintiff argues that, pursuant to the Court's September 29th Order, this action was automatically dismissed after 60 days when the parties failed to file a dismissal, and that her filing of the notice of dismissal "was superfluous." Doc. 43 ¶¶ 4, 6. Under Federal Rule of Civil Procedure 41(a)(1)(A), a plaintiff may voluntarily dismiss her complaint without a court order:  (i) before the opposing party serves either an answer or a motion for summary judgment, or (ii) by filing a stipulation of dismissal signed by all parties. Defendant filed her Answer on September 17, 2020, Doc. 3, and Plaintiff's dismissal does not purport to be filed with the consent of all parties. Thus, the "action may be dismissed at the plaintiff's

request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Court thus construes Plaintiff's filing as a motion for leave to voluntarily dismiss the action with prejudice.

Defendant objects to Plaintiff's dismissal, and requests that the Court hold the motion in abeyance until such time as Plaintiff complies with the terms of the settlement. Doc. 42. The Court agrees. Because Plaintiff has failed to comply with the terms of the settlement, her request to voluntarily dismiss the action is improper. *See* Fed. R. Civ. Proc. 41(a)(2). Until Plaintiff demonstrates that she has complied with the terms of the settlement agreement, the Court will not consider a unilateral motion to dismiss by Plaintiff.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Enforce the Settlement Agreement, Doc. [41], is **GRANTED**. Plaintiff shall comply with the terms of the settlement agreement as set forth above and in Doc. 41-1 within **twenty-one (21) days** of this Order. Failure to comply may result in sanctions to be determined by the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Dismissal with Prejudice, Doc. [40], construed as a motion for leave to voluntarily dismiss, is **DENIED** without prejudice to refiling upon satisfaction of the terms of the settlement agreement.

Dated this 30th day of June, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE